**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JESSICA L. VERTOVEC,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22-cv-2039 |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights and |
| | ) | State Supplemental Claims |
| The Village of Lombard, Lombard Police | ) | |
| Officers Shijuanna Balles, Badge No. | ) | **JURY DEMANDED** |
| 853, and Melissa Flores, Badge No. 838, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff JESSICA L. VERTOVEC ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendant Officer Shijuanna Balles, Badge No. 853 ("Balles") was employed by the Village of Lombard Police Department and acted under the color of state law and as the employee, agent, or representative of the Village of Lombard Police Department. Plaintiff is suing Defendant in her individual capacity.

5. At all times mentioned herein, Defendant Officer Melissa Flores, Badge No. 838 ("Flores") was employed by the Village of Lombard Police Department and acted under the color

of state law and as the employee, agent, or representative of the Village of Lombard Police Department. Plaintiff is suing Defendant in her individual capacity.

6. At all times mentioned herein, the Village of Lombard ("Village") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times mentioned herein, the Village maintained, managed, and/or operated the Lombard Police Department.

## FACTUAL ALLEGATIONS

7. On or about September 3, 2021, at all times material, Plaintiff lawfully operated and/or managed a motor vehicle at or near 275 W. Roosevelt Rd., Lombard, Illinois.

8. On or about September 3, 2021, at all times material, Village of Lombard Police set up a roadside checkpoint at or near 275 W. Roosevelt Rd.

9. On or about September 3, 2021, at all times material, a Village of Lombard Police Officer guided Plaintiff into the roadside checkpoint off the roadway.

10. Flores walked up to the driver's side of Plaintiff's motor vehicle and Balles walked up to the passenger's side of Plaintiff's motor vehicle.

11. Flores asked Plaintiff for her driver's license and insurance. Plaintiff complied.

12. Flores asked Plaintiff to pull her motor vehicle over into an empty spot in a nearby parking lot. Plaintiff complied.

13. While walking over to Plaintiff in the parking lot, Flores asked Balles if she was ready to conduct "fields." Balles responded to the effect that she was ready.

14. Flores informed Balles to the effect that Plaintiff was probably sober.

15. Upon arrival, Balles told Plaintiff to step out of her motor vehicle to perform a field sobriety test.

16. Plaintiff immediately stepped out of the vehicle and complied with Balles' instructions to perform the field sobriety test.

17. Plaintiff satisfactorily performed the field sobriety test.

18. Balles informed Plaintiff that she was under arrest for a DUI and handcuffed Plaintiff with the help of Flores.

19. Balles guided Plaintiff to the back of the police vehicle and drove Plaintiff to the police station, where Plaintiff was held for an extended period of time.

20. There was no legal cause to request Plaintiff to take a breathalyzer test, or to handcuff, detain, and/or arrest Plaintiff.

21. Plaintiff was charged with a DUI.

22. The State's Attorney later dismissed all charges against Plaintiff resulting from this incident, indicating her innocence.

23. There was no legal cause to charge Plaintiff with any legal violation.

24. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Flores and/or Balles, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation, and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

25. The actions and/or omissions mentioned above by Flores and Balles were willful, wanton, malicious, oppressive, and/or done with reckless indifference and callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the actions and/or omissions mentioned above by Flores and/or Balles, Plaintiff retained an attorney to institute, prosecute, and render legal assistance to her in the within

action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff's request payment by Flores and Balles of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST OFFICERS FLORES AND BALLES FOR AN UNREASONABLE DETENTION AND ARREST**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. Flores and Balles deprived Plaintiff of her rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

29. The arbitrary request to take a breathalyzer test, the handcuffing, detention, and arrest of Plaintiff violated her Constitutional Rights and were not authorized by law. Flores and Balles violated Plaintiff's rights by unlawfully requesting to take a breathalyzer test, handcuffing, detaining, arresting, and transporting Plaintiff to the Lombard Police Station for further detention and arrest without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Flores and Balles are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF AGAINST OFFICER FLORES FOR FAILURE TO INTERVENE**

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

31. Flores deprived Plaintiff of her rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

32. Flores violated Plaintiff's rights by failing to intervene when Balles unjustifiably

handcuffed, detained, and/or arrested Plaintiff. Further, Flores had a reasonable opportunity to intervene to prevent the harm from occurring. Flores' failure to intervene violated Plaintiff's Constitutional Rights and was not authorized by law. Accordingly, Flores is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**PLAINTIFF AGAINST OFFICERS FLORES AND BALLES AND THE VILLAGE OF LOMBARD FOR MALICIOUS PROSECUTION**

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

34. Flores and Balles maliciously commenced and caused continued legal proceedings against Plaintiff, falsely alleging that they witnessed Plaintiff commit one or more law violations.

35. Plaintiff did not commit any of the violations for which she was prosecuted.

36. Flores and Balles falsely alleged that Plaintiff committed one or more legal violations.

37. This false information was a proximate cause of Plaintiff being subjected to prosecution as it was relied upon by prosecutors in the decision to commence and continue the prosecution of Plaintiff.

38. The charges Flores and Balles proximately caused to be initiated against Plaintiff terminated in Plaintiff's favor when all charges were dismissed on January 7, 2022.

39. As a result of Flores and Balles causing these baseless legal proceedings, Plaintiff was injured emotionally and otherwise.

40. The Village of Lombard is liable as a result of *respondeat superior*.

41. Therefore, Flores and Balles are liable under the supplemental state law claim of Malicious Prosecution.

**WHEREFORE**, Plaintiffs, JESSICA L. VERTOVEC, by and through her attorneys, ED FOX & ASSOCIATES, request judgment as follows:

1. That Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants pay Plaintiff's special damages;

3. That Defendants pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendants, except the Village of Lombard, pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: /s Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: /s Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com